# CILENTI & COOPER, PLLC

ATTORNEYS AT LAW
10 Grand Central
155 East 44th Street – 6th Floor
New York, New York 10017

Telephone (212) 209-3933
Facsimile (212) 209-7102

August 15, 2019

**BY ECF**

The Honorable Ona T. Wang
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

> Re: **Ricardo Navarrete v. Milano Market**
> **Case No. 18 Civ. 7858 (OTW)**

Dear Judge Wang,

The parties in the above-referenced action reached a settlement which fairly resolves the controversy, and which we respectfully ask the court to approve.

The written settlement agreement (the "Settlement Agreement"), is annexed as Exhibit "1", and the parties respectfully ask the Court to approve the settlement and dismiss the case with prejudice, retaining jurisdiction to enforce the settlement only in the unlikely event their settlement is not consummated as agreed. A proposed order dismissing the case is provided.

### *Fairness of the Settlement*

This is an action for unpaid wages under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.*, ("FLSA"), and the New York Labor Law, §§ 190, *et seq.*

Plaintiff worked as a food preparer at a market owned and operated by the defendant, Milano Market. His federal claims alleged primarily overtime violations.

The parties exchanged records and calculations in coordination with the court appointed mediator Terrance Nolan, Esq., an experienced neutral and General Counsel at New York University, who assisted the parties but we avoided an in person mediation by resolving the case in advance. Various conferences by counsel led to the inescapable

The Honorable Ona T. Wang, U.S.M.J.
August 15, 2019
Page 2

conclusion that the payroll records were not perfect, but for the most part demonstrated good faith compliance with minimum wage and overtime laws and implementing regulations. During extended negotiation lasting approximately six (6) months, the parties reached a settlement of the case for $18,500, and shortly thereafter executed a settlement agreement memorializing the terms of the agreement reached.

By plaintiff's estimates, Mr. Navarette's claim was approximately ten thousand dollars in unpaid overtime premiums. Defendants of course viewed this as a much smaller claim. Both counsel believe the settlement makes Mr. Navarrete whole, inclusive a portion of liquidated damages, as alleged, and even after payment of proposed attorneys' fee of one-third of the settlement.

The parties represent to the court that the settlement reached on behalf of Mr. Navarrete and his former employer is a fair and reasonable resolution of a bona fide dispute reached as a result of ongoing negotiations between the parties; there is no risk of collusion.

In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc.*, 2008 WL 724155 at *1 (E.D.N.Y. 2008) (*quoting Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

Attorneys' fees in FLSA settlements are also examined, to ensure that the interests of plaintiff's counsel did not adversely affect the extent of the relief counsel procured for the clients. *Wolinsky v. Scholastic*, 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012).

The attorney time involved meeting with the plaintiff on multiple occasions prior to and after filing the complaint; drafting the lawsuit; multiple conferences with the defendants; reviewing payroll documents and drafting automatic disclosures/damages calculations; participating in good faith in the settlement negotiations; and reaching an agreement; and drafting / executing the written agreement, and seeking this court's approval. A copy of counsel's billing records are provided as Exhibit "2".

Of the total settlement, counsel for plaintiff requests one third (33%), in satisfaction of attorneys' fees and $500 for out of pocket costs (the filing fee and service of process). The retainer agreement with the plaintiff provides for one-third (1/3) and this is consistent with the amount of attorneys' fees permitted in other similar cases, and is less than what counsel would recover had they billed plaintiff hourly. Indeed, early resolution does not favor plaintiff's counsel, as protracted litigation would have led to increased costs and expenses, while plaintiff himself would not have fared any better.

For all of these reasons, on behalf of all parties, we respectfully request that the court approve the settlement, and dismiss the action, with prejudice. A proposed order of dismissal is provided.

The Honorable Ona T. Wang, U.S.M.J.
August 15, 2019
Page 3

On behalf of the parties we thank the court again for its consideration of this matter.

Respectfully submitted,

CILENTI & COOPER, PLLC

By:  *Peter H. Cooper*

---

708 Third Avenue – 6th Floor
New York, New York 10017
Attorneys for Plaintiffs

GOETZ FITZPATRICK, LLP

By:  *Michael R. Fleishman*

---

One Penn Plaza, Suite 3100
New York, New York 10119
Attorneys for Defendants