UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RICARDO NAVARRETE, on behalf of himself : 
and others similarly situated, :
: No. 18-CV-7858 (OTW)
Plaintiff, :
: **MEMORANDUM OPINION & ORDER**
-against- :
:
MILANO MARKET PLACE, INC., d/b/a MILANO :
MARKET, et al., :
:
Defendants. :
------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

Plaintiff brings this action in accordance with the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for alleged unpaid overtime compensation, failure to pay minimum wage, and failure to provide wage statements and records. (ECF 1). The parties now submit their proposed settlement agreement to the Court for approval under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (ECF 19). All parties have consented to my jurisdiction in accordance with 28 U.S.C. § 636(c). (ECF 17). For the reasons below, the Court declines to approve the settlement at this time.

I. **Background**

Plaintiff was employed by Defendants Milano Market Place, Inc.; 89th St. Market, Inc.; and Salina Galfaro (collectively "Defendants") from March 27 - August 22, 2018 to work as a food preparer and dishwasher at Defendants' deli Milano Market. Complaint ("Compl.") ¶¶ 6-8, 17. Despite working approximately sixty hours a week, Plaintiff allegedly never received overtime or spread of hours. *Id.* ¶¶ 19-20, 25. Instead, Plaintiff was paid a flat weekly salary of

$450, which was increased in July 2018 to $475. Plaintiff further alleges that Defendants failed to maintain accurate time records and did not provide Plaintiff with a wage notice. *Id*. ¶¶ 26, 29, 31.

Plaintiff filed his complaint on August 28, 2018. (ECF 1). The complaint indicated that Plaintiff intended to convert the matter to a collective action, but the parties reached their settlement before the filing of any conditional certification motion.

## II. Legal Standard

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc.*:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted).

## III. Discussion

A key component of determining whether a settlement is fair and reasonable is comparing Plaintiff's recovery with (1) the range of possible recovery and (2) the risks of

litigation. *See Wolinsky*, 900 F. Supp.2d at 335. Although Plaintiff alleges that he was owed approximately $10,000 in overtime pay, Plaintiff does not attach any records or damages calculations supporting that claim. Nor do the parties explain the possible recovery for Plaintiff's minimum wage claims. Accordingly, without these calculations of damages, the Court cannot properly assess whether the settlement amount is fair and reasonable. *See Lopez v. Nights of Cabiria, LLC,* 96 F. Supp.3d 170, 176-77 (S.D.N.Y. 2015) (finding inadequate the failure to provide declarations or exhibits supporting the maximum recovery figures); *Mamani v. Licetti*, No. 13-CV-7002 (KMW) (JCF), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014) ("if the parties dispute the computation of wages owed, the parties must provide each party's estimate of the number of hours worked and the applicable wage").

### IV. Conclusion

For the foregoing reasons, the Court declines to approve the proposed settlement agreement. By **September 13, 2019**, the parties shall either submit a revised approval submission in accordance with this opinion or file a status letter indicating that the parties intend on proceeding with litigation.

**SO ORDERED.**

Dated: September 5, 2019
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge