# CILENTI & COOPER, PLLC
ATTORNEYS AT LAW
10 Grand Central
155 East 44th Street – 6th Floor
New York, New York 10017
_____
Telephone (212) 209-3933
Facsimile (212) 209-7102

September 9, 2019

**BY ECF**

The Honorable Ona T. Wang
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007-1312

      Re: **Ricardo Navarrete v. Milano Market**
         **Case No. 18 Civ. 7858 (OTW)**

Dear Judge Wang,

  Counsel to the parties write jointly to address the concerns raised in the court's memorandum opinion and order filed September 5, 2019 [Docket 20].

  The plaintiff alleged in his suit that he worked at Milano Market during approximately five (5) months in 2018. We reached agreement with the defendants that the length of employment was twenty (20) weeks.

  The plaintiff was paid $450.00 or $475.00 per week. We assumed, in calculating damages, that his salary was intended to compensate for forty (40) hours, and he was owed overtime compensation. Assuming his "hourly rate of pay" was $11.25 per hour for forty (40) hours, he would be owed the difference between $11.25 and the minimum wage in 2018 ($13.00 per hour) for the first forty (40) hours.  And, the full minimum overtime rate of $19.50 for hours worked above forty (40) each week.

  For purposes of reviewing the settlement, we note the plaintiff alleged he worked sixty (60) hours per week. The defendants would have challenged the number of working hours, but for calculating damages, we use sixty (60) hours as alleged.

  Giving him all assumptions, Mr. Navarrete would recover *minimum wages*:

 40 hours X  $1.75 per hour

and *overtime*:

The Honorable Ona T. Wang, U.S.M.J.
September 9, 2019
Page 2

20 hours X $19.50 per hour.

= (total) $460.00 per week

X  20 weeks

= *$9,200* in underpayments for minimum wages and overtime.

Plaintiff could also recover liquidated damages in the amount of 100% of the underpayments.

Rarely do plaintiffs recover all of what they seek. The employer alleged and was prepared to prove through witnesses or other means, that the plaintiff received a daily break and additional compensation and therefore worked fewer hours than alleged. The employer would have sought to reduce the number of working hours for which the plaintiff could recover compensation.

The parties respectfully submit that the settlement of $18,500 makes plaintiff whole in terms of his alleged minimum wage and overtime deficiency, without the time and expense of litigation and the risk of receiving a less favorable outcome, even after deduction for costs and fees.

Based upon these calculations and other factors, the parties represent to the court that the settlement reached between Mr. Navarrete and his former employer, both represented throughout the negotiations by counsel, is a fair and reasonable resolution of a bona fide dispute.

For these reasons the parties desire to settle the case and do not wish to proceed with the litigation. On behalf of the parties we thank the court again for its consideration of this matter.

Respectfully submitted,

CILENTI & COOPER, PLLC

By:  *Peter H. Cooper*

_____
708 Third Avenue – 6th Floor
New York, New York 10017
Attorneys for Plaintiffs

GOETZ FITZPATRICK, LLP

By:  *Michael R. Fleishman*

_____
One Penn Plaza, Suite 3100
New York, New York 10119
Attorneys for Defendants