```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
RICARDO NAVARRETE, on behalf of himself                     :
and others similarly situated,                              :
                                                            :   No. 18-CV-7858 (OTW)
                              Plaintiff,                    :
                                                            :   MEMORANDUM OPINION & ORDER
              -against-                                     :
                                                            :
MILANO MARKET PLACE, INC., d/b/a MILANO                     :
MARKET, et al.,                                             :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------x
```

**ONA T. WANG, United States Magistrate Judge:**

Plaintiff brings this action in accordance with the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for alleged unpaid overtime compensation, failure to pay minimum wage, and failure to provide wage statements and records. (ECF 1). After the parties initially submitted their proposed settlement papers for approval, the Court denied the request without prejudice due to a failure to provide Plaintiff's range of possible damages recovery. (ECF 20). The parties subsequently filed a supplemental letter on September 9, 2019 explaining why the settlement amount was reasonable when compared with Plaintiff's possible recovery. (ECF 21). For the reasons below, the Court now approves the settlement as fair and reasonable.

I. **Background**

Plaintiff was employed by Defendants Milano Market Place, Inc.; 89th St. Market, Inc.; and Salina Galfaro (collectively "Defendants") from March 27 through August 22, 2018 to work as a food preparer and dishwasher at Defendants' deli, Milano Market. Complaint ("Compl.") ¶¶ 6-8, 17. Despite working approximately sixty hours a week, Plaintiff allegedly never received

overtime or spread of hours pay. *Id*. ¶¶ 19-20, 25. Instead, Plaintiff was paid a flat weekly salary of $450, which was increased in July 2018 to $475. Plaintiff further alleges that Defendants failed to maintain accurate time records and did not provide Plaintiff with a wage notice. *Id*. ¶¶ 26, 29, 31.

Plaintiff filed his complaint on August 28, 2018. (ECF 1). The complaint indicated that Plaintiff intended to convert the matter to a collective action, but the parties reached their settlement before the filing of any conditional certification motion.

II. **Discussion**

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc*.:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted).

### a. Range of Recovery

Plaintiff alleges actual damages of $9,200, ECF 21, in addition to liquidated damages for the same amount. Plaintiff also alleges notice violations under New York law, which would entitle Plaintiff to $250 for every workday that the statement was not provided, capped at $5,000. N.Y.L.L. § 198 (1-d). Because Plaintiff alleges that he worked six ten-hour shifts for twenty weeks, the maximum penalty of $5,000 would apply (120 days x $250/day = $30,000). Accordingly, the total potential recovery would be $23,400 before interest ($9,200 + $9,200 + $5,000).

After subtracting costs of $530, Plaintiff's counsel would then take one-third of the settlement amount, or $5,990 ([$18,500-$530]/3). (ECF 19-1 at 4). The settlement amount of $11,980 thus represents approximately 51% of Plaintiff's total amount sought and would cover the full amount of alleged unpaid overtime compensation.[1] Given the risk of litigation as noted below, the Court finds this amount reasonable. *See Villalva-Estrada v. SXB Restaurant Corp.*, No. 14-CV-10011 (AJN), 2016 WL 1275663, at *3 (S.D.N.Y. Mar. 31, 2016) (approving 47% of maximum recovery where the plaintiff recovered 100% of his unpaid wages).

### b. Burden and Risks of Litigation

Settlement enables the parties to avoid the burden and expense of preparing for trial. Defendants proffer that they would be able to produce witnesses that disputed Plaintiff's

---

[1] When examining the proportion of recovery, courts often look at what Plaintiff would receive rather than the total settlement amount. *See, e.g.*, *Rosario v. Structural Preservation Systems, LLC*, No. 18-CV-83 (HBP), 2019 WL 1383642, at *2 (S.D.N.Y. Mar. 27, 2019); *Rojas v. Bronx Moon LLC*, No. 17-CV-5825 (KMK), 2018 WL 4931540, at *3 (S.D.N.Y. Oct. 10, 2018); *Felix v. Breakroom Burgers & Tacos*, No. 15-CV-3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016); *Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). Because one of the primary purposes of a *Cheeks* approval is to protect the employee, I concur with this approach.

alleged number of hours worked. (ECF 21 at 2). As a result, Plaintiff would likely require depositions and additional discovery to support his position, which increases the time and costs of litigation. Because of the need for oral testimony referenced above, Plaintiff would face the risk at trial of the factfinder not crediting his testimony, which would reduce the amount of actual damages.

### c. Arm's-Length Negotiation

The parties represent that the settlement was a product of extensive negotiations, including use of a mediator, and there is no evidence to the contrary. (ECF 19 at 2).

### d. Risk of Fraud or Collusion

There is nothing in the record to suggest that fraud or collusion played a role in the settlement. Further, Plaintiff ceased employment with Defendants prior to the start of this litigation, diminishing potential concern that Plaintiff may have been coerced into the settlement by his employer. *See* Compl. ¶ 10.

### e. Additional Factors

The release is appropriately limited to claims based on Plaintiff's employment up to the date the agreement was executed and does not seek to exceed the scope of wage-and-hour issues. *See Caprile v. Harabel Inc.*, 14-CV-6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015) (finding limitation to employment-related claims sufficiently narrow).

This agreement also lacks certain objectionable provisions that courts have found fatal in other proposed FLSA settlements. The proposed settlement agreement contains no confidentiality provision and has already been filed in the public record. *See Thallapaka v. Sheridan Hotel Associates LLC*, No. 15-CV-1321, 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17,

2015) (finding "overwhelming majority" of courts reject confidentiality provisions in FLSA settlements). Nor does the agreement contain a non-disparagement provision. *See Martinez v. Gulluoglu LLC*, 15-CV-2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (finding non-disparagement provisions generally contravene the FLSA's purpose).

The attorneys' fee award of one-third of the settlement sum is reasonable and consistent with fees upheld by courts in this District. *See Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"); *Rodriguez-Hernandez v. K Bread & Co.*, 15-CV-6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %."). The proposed amount of $5,990, one-third of the settlement, is less than the total billed fees. (ECF 19-2). Likewise, the settlement's payment of $530 for out-of-pocket filing and service costs is reasonable.

### III. Conclusion

For the foregoing reasons, the Court approves the parties' proposed settlement agreement as fair and reasonable. It is HEREBY ORDERED that the action is dismissed with prejudice and without costs. Any pending motions are to be terminated as moot and all conferences are cancelled.

**SO ORDERED.**

                                                      *s/ Ona T. Wang*

Dated: September 11, 2019                                          **Ona T. Wang**
New York, New York                                          United States Magistrate Judge